NORA E. DULDULAO, Plaintiff-Appellant, v. ST. MARY OF NAZARETH HOSPITAL CENTER, Defendant-Appellee.

First District (1st Division)   No. 84—2554

Opinion filed September 16, 1985.—Rehearing denied October 23, 1985.

Lonny Ben Ogus and Carl M. Walsh, both of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (James E. McParland and Tom H. Luetkemeyer, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff brought this action for breach of an employment contract against her former employer based on the employer's alleged violation of certain rights concerning her employment set forth in the defendant's employee handbook. Both parties moved for summary judgment. The trial court granted the employer's motion and denied plaintiff's motion on the ground that the employee handbook did not confer any specific rights on plaintiff, based on this court's decision in *Sargent v. Illinois Institute of Technology* (1979), 78 Ill. App. 3d 117, 397 N.E.2d 443. Plaintiff appeals, contending defendant is bound by the terms of its employee handbook.

The motions for summary judgment reveal that plaintiff was hired by defendant in 1970 as a staff nurse and later became a staff development coordinator for the school of nursing. Plaintiff admitted at her deposition that there was no written employment contract and the duration of the employment was indefinite. On September 14, 1981, defendant consolidated and reorganized various in-service and educational departments within the hospital into a single new department to which plaintiff was assigned. Defendant also considered that, as a result of plaintiff's transfer, she had to undergo a 90-day probationary period to determine her suitability for the new position; it then found plaintiff's job performance did not meet the minimum requirements of her new position. Therefore, plaintiff was terminated on December 11, 1981.

Plaintiff maintained that the defendant breached the employment relationship by not affording her the benefit of the progressive disciplinary policy for nonprobationary employees set forth in the employee handbook. The employee handbook does set forth certain types of behavior constituting grounds for disciplinary action, for example discourtesy to a patient, neglect of duty and inability to maintain work standards. The handbook sets forth progressively more serious sanctions. For example, an infraction would first result in admonishment, then in a reprimand or suspension, and, finally, in dismissal. The employee handbook defined an admonishment as a formal warn-

ing in writing which clearly specifies the nature of the infraction and defined a reprimand as a formal warning in writing for a repeated infraction of the rules. The handbook required the nature of the infraction to be clearly stated along with the date of the admonition.

These procedures were not followed in discharging plaintiff because defendant considered that, as a matter of law, plaintiff was an employee at will and could be discharged at any time, with or without notice, for any reason except an unlawful one. Defendant argues that the employee handbook did not create any rights for the plaintiff and no contractual duties on the part of the hospital.

The circuit court found the only issue was whether or not there was any bargained-for agreement in relation to the handbook, and found *Sargent v. Illinois Institute of Technology* (1979), 78 Ill. App. 3d 117, 397 N.E.2d 443, controlling. The *Sargent* court had distinguished the earlier case of *Carter v. Kaskaskia Community Action Agency* (1974), 24 Ill. App. 3d 1056, 322 N.E.2d 574. *Carter* found a personnel policy manual was binding because it was adopted by the employer and employees subsequent to plaintiff's employment and was a bargained-for modification of the original employment contract. Since the circuit court found that in the present case there was no evidence that the handbook was bargained for between employer and employee, it concluded that *Sargent* rather than *Carter* governed, and plaintiff was an employee at will who could be discharged without cause.

■■ ■ In seeking to overturn the decision of the circuit court, plaintiff relies primarily on the recent case of *Kaiser v. Dixon* (1984), 127 Ill. App. 3d 251, 468 N.E.2d 822, *appeal denied* (1984), 101 Ill. 2d 582. *Kaiser* concerned a discharged police radio dispatcher who maintained the village of Roselle had failed to follow the employee termination procedures set out in its staff manual for terminating a village employee. On appeal, the court declined to follow *Sargent* and found that through its adoption of the manual, the village had obligated itself to follow the procedures for discharge in the manual. (*Kaiser v. Dixon* (1984), 127 Ill. App. 3d 251, 261-63; accord, *Pudil v. Smart Buy, Inc.* (N.D. Ill. 1985), 607 F. Supp. 440.) We agree with the court in *Kaiser* that the better-reasoned approach is to bind the employer to the terms in its policy manual when the manual imposes obligations on both the employer and employee, regardless of whether the manual was actually "bargained-for." Thus, in this case, even though the circuit court found there was no evidence that the terms of the employee handbook were "bargained-for," nevertheless, the manual is binding upon the employer since it does impose obligations on both

employee and employer. Therefore, the circuit court's rulings on the summary judgment motions must be reversed.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.